IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| David W. McCraven,<br>    Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of Social<br>Security Administration<br>    Defendant. | Case No. 0:09-cv-1305-RMG-PJG<br><br>**ORDER** |

Before the Court is Plaintiff's to reconsider this Court's earlier order denying his motion for attorneys' fees. (Dkt. No. 31). Previously, Plaintiff moved this Court to award fees arguing that the Commissioner was without substantial justification to take the position it did in opposing Plaintiff's action seeking reversal of the ALJ's denial of benefits. (Dkt. No. 28). The Defendant opposed the motion. (Dkt. No. 29). Now the Plaintiff moves this Court to reconsider its prior Order on the basis that this Court issued the order on the attorney fee motion prior to the deadline for Plaintiff to file a reply expired. (Dkt. No. 31). Defendant has opposed the motion to reconsider. (Dkt. No. 33). Plaintiff did not file a reply to the Defendant's opposition to the motion to reconsider though the undersigned waited for the deadline to expire given Plaintiff's earlier complaint about the Court failing to do so previously.

At the outset, the Court notes that the Local Rules disfavor replies. *See* Local Rule 7.07, D.S.C. Moreover, this Court can modify the Local Rules when necessary. *See* Local Rule 1.02, D.S.C. Thus, this Court was well within its right to issue its Order at the time it saw fit. Nonetheless, Plaintiff filed its reply as an Exhibit to its motion to reconsider. As a result, the Court

has reviewed and considered the content of the reply that Plaintiff desired to file in the context of considering the motion to reconsider. Having now reviewed the reply, this Court declines to change its prior order denying the motion for attorneys' fees. As noted previously, the Equal Access to Justice Act provides attorneys' fees in actions where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Here, the Government's position was not unjustified. For one, the Magistrate Judge recommended affirming. Further, among other reasons, the position espoused by the Government was not without reason and was well-briefed and argued. Ultimately, however, this Court decided to remand the matter for further findings. Therefore, Plaintiff's motion to reconsider is denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 24, 2011
Charleston, South Carolina